*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 10-2715 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL |
| v. | ) ) | DISMISSAL; ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| DOCTOR TABBAA MUMTAZ, et al., | ) ) | DISPOSITIVE MOTION OR NOTICE REGARDING SUCH |
| Defendants. | ) ) | MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses a claim and orders service on the remaining named defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law.  See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff alleges that Doctor N. Kushner, Nurse Practitioner Robin Rodriguez, and Doctor
8  R. Muhammad were deliberately indifferent to his medical needs.  Plaintiff claims that these
9  defendants knew that he had helicobacter pylori ("h. pylori") but failed to take reasonable steps
10 to manage or treat it.  (Count 1.)  As a result, the h. pylori has exacerbated into ulcers and now, a
11 potentially fatal stomach cancer.

12     Plaintiff also alleges that Dr. Mumtaz recommended immediate surgery after receiving
13 biopsy results on plaintiff's tumor.  Dr. Sepalveda, Chief Medical Officer, refused to approve
14 plaintiff for surgery even after receiving Dr. Mumtaz's recommendation.  (Count 3.)  Dr.
15 Sepalveda also denied three separate recommendations for a change in plaintiff's diet.  (Count
16 3.)  As a result, plaintiff's stomach is in extreme pain at all times and the ulcers are growing.

17     Plaintiff further alleges that Dr. Darrin Bright denied him his prescribed medications on
18 two separate occasions.  (Count 4.)

19     Plaintiff's final claim is against Dr. Mumtaz.  (Count 5.)  Plaintiff states that he was
20 vomiting, had a high fever, and could not keep food in his stomach when Dr. Mumtaz discharged
21 him from the hospital on July 1, 2009.  Plaintiff maintained that condition until July 10, 2009,
22 when the prison returned plaintiff to the hospital with an infection in his colon.

23     Deliberate indifference to serious medical needs violates the Eighth Amendment's
24 proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104
25 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,
26 WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A
27 determination of "deliberate indifference" involves an examination of two elements: the
28

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Williams715srv.wpd     2

1 seriousness of the prisoner's medical need and the nature of the defendant's response to that
2 need.  See McGuckin, 974 F.2d at 1059.  Liberally construed, plaintiff raises cognizable claims
3 of deliberate indifference against Doctors N. Kushner, R. Muhammad, Sepalveda, Darrin Bright,
4 and Tabbaa Mumtaz, and Nurse Practitioner Robin Rodriguez.

Plaintiff also alleges that he believes he was infected with h. pylori while housed at Deuel Vocational Institution.  (Count 2.)  Plaintiff claims that the water at Deuel Vocational Institution was contaminated and was almost always dark brown.  Plaintiff states that he never had an option to get fresh water.  While the Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety, see Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state, see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985).  Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought.  Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985).  This Eleventh Amendment immunity also extends to suits against a state agency.  See Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).  Thus, plaintiff's claim against Deuel Vocational Institution must be dismissed.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendant Deuel Vocational Institution is DISMISSED.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Dr. Tabbaa Mumtaz** at **Natividad Medical Center** in **Salinas, California**; **Dr. N. Kushner** at **Pleasant Valley State Prison** in **Fresno, California**; and **Dr. R. Muhammad, Dr. Darrin Bright, D.O., Dr. Sepalveda, CMO, and Nurse**

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Williams715srv.wpd         3

1  **Practitioner Robin Rodriguez** at **Salinas Valley State Prison** in **Salinas, California.**  The
2  clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint
3  to the California Attorney General's Office.
4        2.      No later than **ninety (90) days** from the date of this order, defendants shall file a
5  motion for summary judgment or other dispositive motion with respect to the cognizable claim
6  proffered in the complaint.
7              a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff
8  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
9  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
10 F.3d 1108, 1119-20 (9th Cir. 2003).
11             b.      Any motion for summary judgment shall be supported by adequate factual
12 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
13 Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
14 **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
15 **that this case cannot be resolved by summary judgment, they shall so inform the court**
16 **prior to the date the summary judgment motion is due.**
17       3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
18 served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.
19             a.      In the event defendants file an unenumerated motion to dismiss under
20 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

21        The defendants have made a motion to dismiss pursuant to Rule 12(b) of
      the Federal Rules of Civil Procedure, on the ground you have not exhausted your
22    administrative remedies.  The motion will, if granted, result in the dismissal of
      your case.  When a party you are suing makes a motion to dismiss for failure to
23    exhaust, and that motion is properly supported by declarations (or other sworn
      testimony) and/or documents, you may not simply rely on what your complaint
24    says.  Instead, you must set out specific facts in declarations, depositions, answers
      to interrogatories, or documents, that contradict the facts shown in the defendant's
25    declarations and documents and show that you have in fact exhausted your

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Williams715srv.wpd        4

claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the

1  document to defendant or defendant's counsel.

2      7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
3  No further court order is required before the parties may conduct discovery.

4      For plaintiff's information, the proper manner of promulgating discovery is to send
5  demands for documents or interrogatories (questions asking for specific, factual responses)
6  directly to defendants' counsel. See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
7  matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).
8  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
9  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
10 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
11 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
12 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply
13 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
14 to his benefit to wait until defendants have filed a dispositive motion which could include some
15 or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
16 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
17 Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
18 with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
19 motion to compel he must send a letter to defendants to that effect, offering them one last
20 opportunity to provide him with the sought-after information.

21     8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
22 and all parties informed of any change of address and must comply with the court's orders in a
23 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
24 pursuant to Federal Rule of Civil Procedure 41(b).

25     IT IS SO ORDERED.

26 DATED: __7/30/10__                 */s/ Ronald M. Whyte*
27                                              RONALD M. WHYTE
                                              United States District Judge
28