***E-FILED - 1/28/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS, | No. C 10-2715 RMW (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANTS |
| v. | |
| DR. K. KUSHNER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Presently, before the court are issues related to the service of process of this complaint.

On September 22, 2010, the court issued a service order directing the clerk of the court to issue summons on defendants Dr. Sepalveda, Dr. Darrin Bright, Robin Rodriguez, D.O., Dr. R. Muhammad and Dr. Kushner. On October 10, 2010, summons were returned executed on all defendants except, D.O. and Dr. N. Kushner.

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.10\Williams715.Service-Defendants.wpd

summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because plaintiff has not served the remaining defendants, nor has he provided sufficient information to allow the Marshal to locate and serve them, plaintiff must remedy the situation or face dismissal of his claims against said defendant without prejudice. See Walker, 14 F.3d at 1421-22. Accordingly, plaintiff must provide the court with sufficient information regarding defendants D.O. and Dr. N. Kushner's accurate and current location such that the Marshal is able to effect service upon them. **Failure to do so within thirty days of the date this order is filed will result in the dismissal of the claims against those defendants**.

IT IS SO ORDERED.

Dated:   1/25/11

RONALD M. WHYTE
United States District Judge

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.10\Williams715.Service-Defendants.wpd         2