*E-FILED - 3/23/11/*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS, ) | No. C 10-2715 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER ADDRESSING |
| ) | PENDING SERVICE MOTIONS |
| v. ) | |
| ) | |
| DR. KUSHNER, et al., ) | (Docket Nos. 27, 36) |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for a default judgment against Robin Rodriguez, N. Kushner, and R. Muhammad, and plaintiff's motion for an order directing the Marshal to serve defendant Kushner. The court addresses these motions below.

A.   Motion for Default

On August 2, 2010, the court directed the Clerk of the Court to issue summonses to defendants Dr. Tabbaa Mumtaz, Dr. N. Kushner, Dr. R. Muhammad, Dr. Darrin Bright, D.O., Dr. Sepalveda, CMO, and Nurse Practitioner Robin Rodriguez. On August 17, 2010, the court directed the Clerk of the Court to issue a summons to defendant Dr. Alexander Distante.[1] On October 12, 2010, the summons was returned executed as to Distante. On October 19, 2010,

---

[1] At the request of plaintiff, the court also dismissed Dr. Tabbaa Mumtaz from this action.

summonses were returned executed on the remaining defendants, except Dr. Kushner.[2] The summons was returned unexecuted for Kushner because he was not at Pleasant State Valley Prison, and the prison would not accept service on his behalf. (Docket No. 22.)

On January 5, 2011, plaintiff filed a motion for default against Kushner, Muhammad, and Rodriguez for failing to file a timely answer. Federal Rule of Civil Procedure 55(b)(2) provides for a court ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a). See Penpower Technology Ltd. v. SPC Technology, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008). However, where a defendant has not been properly served, he does not yet have a duty to plead, and entry of default is inappropriate. See Fisher v. Lynch, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). Kushner has not yet been served. In addition, on January 25, 2011, P. Nickerson, the Acting Ligation Coordinator from Salinas Valley State Prison ("SVSP"), sent a letter stating that although the summons was initially returned as executed for Muhammad, further research revealed that it should have been returned as unexecuted because he was unable to locate Muhammad from the personnel records for that institution, and no one by that name was employed at SVSP. (Docket No. 31.) Thus, Muhammad also has not been served. Finally, on January 31, 2001, defense counsel filed a declaration that although a representative of SVSP initally accepted the summons on behalf of Rodriguez, Rodriguez was no longer employed by SVSP, and was never served with the summons or complaint. Instead, as a courtesy, defense counsel sought and found Rodriguez in Georgia, and obtained permission to represent her in this action. Rodriguez thereafter waived service, and filed an answer to the amended complaint on January 24, 2011. Because it does not appear that Kushner, Muhammed, or Rodriguez were properly served, engaged in culpable conduct leading to the failure to serve them, or that plaintiff would be prejudiced by not entering a default judgment against them, plaintiff's motion for default is DENIED.

B.     Unserved Defendants

On February 7, 2011, plaintiff filed a motion for the court to direct the Marshal to locate

---

[2] That same day, a summons was also returned unexecuted for service upon "D.O." However, it appears that the summons was mistakenly issued as plaintiff did not name a "D.O." as a defendant in this action.

and serve Kushner. However, on January 28, 2011, the court had already informed plaintiff that he had thirty days in which to provide sufficient identifying information so that the Marshal could locate and serve Kushner. To date, plaintiff has not complied with providing more information on Kushner's current location. Because the court will give plaintiff an opportunity to provide more information on the location of defendant Muhammed, the court will also grant plaintiff an additional thirty days to provide more information on Kushner so that the Marshal can effect service.

Plaintiff is reminded that although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, he "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal.

Accordingly, plaintiff's motion for the court to direct the Marshal to serve Kushner is DENIED without prejudice. If plaintiff provides the court with sufficient information regarding Kushner's and Muhammad's accurate and current location such that the Marshal is able to effect service upon them, the court shall direct the Clerk of the Court to re-issue the summonses. **Failure to do so within thirty days of the date this order is filed will result in the dismissal of the claims against defendants Kushner and Muhammad.**

IT IS SO ORDERED.

DATED: 3/22/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge