*E-FILED - 5/4/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. KUSHNER, et al.,<br><br>    Defendants. | No. C 10-2715 RMW (PR)<br><br>ORDER ADDRESSING<br>PENDING MOTIONS<br><br>(Docket Nos. 38, 39, 40) |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's "motion for joinder of claims" and motion for stay; motion for duty to disclose; and motion for a more definite statement. The court addresses these motions below.

A.      Motion for Joinder and Stay

On December 22, 2010, defendant Distante filed a motion for summary judgment. On January 19, 2011, plaintiff filed his opposition. On February 2, 2011, Distante filed his reply. On February 8, plaintiff filed the instant motion.

It is quite unclear exactly what plaintiff is requesting. It appears that he wishes to raise additional claims in a reply to Distante's reply. Further, plaintiff requests that the court not issue any decision on the motion for summary judgment until plaintiff has had an opportunity to file the requested reply.

Plaintiff's motion is DENIED. (Docket No. 38.) No additional reply is necessary. The

1  matter is deemed submitted.

2  B.   Motion for Duty to Disclose

3  On February 28, 2011, plaintiff filed a motion for duty to disclose. He alleges that he was undergoing an endoscopy procedure when he noticed three spots on the video monitor that he believes was his stomach showing blood. Plaintiff told non-defendant Dr. Mumtaz, who was performing the procedure, and who allegedly tried to cover up any demonstration of what plaintiff observed.

Plaintiff moves, presumably pursuant to Rule 35 of the Federal Rules of Civil Procedure, for a court order directing that he be given a second endoscopy by a doctor not chosen by the CDCR. Rule 35 provides, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition - including blood group - is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1). Plaintiff argues he needs to have a second endoscopy procedure because it will help support his claim that he suffers from ulcers due to his special dietary requirements.

Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009); see, e.g., Baker v. Hatch, 2010 WL 3212859, *3 (E.D. Cal. 2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination); Adams v. Epps, 2008 WL 4861926, *1 (S.D. Miss. 2008) (same); Cabrera v. Williams, 2007 WL 2682163, *2 (D. Neb. 2007) (same).

Accordingly, plaintiff's request for a court-ordered endoscopy procedure pursuant to Rule 35 will be denied. Plaintiff is not precluded, however, from retaining his own expert medical witness to examine plaintiff and render a medical opinion.

C.   Motion for More Definite Statement

On February 28, 2011, plaintiff file a motion for a more definite statement pursuant to "Rule 12(4)(A)(B)(6)." The court is unaware of what Rule plaintiff's references. After

reviewing the motion, it appears that plaintiff objects to much of defendant's facts and arguments as presented in his February 2, 2011 reply. As such, the court construes plaintiff's motion for a more definite statement as objections to defendant's reply. So construed, the court will consider it to the extent it is relevant, along with the other relevant summary judgment pleadings.

This order terminates docket numbers 38, 39, and 40.

IT IS SO ORDERED.

DATED: 5/4/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge