IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 10-2715 RMW (PR) |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT DISTANTE'S MOTION FOR SUMMARY JUDGMENT |
| v. | ) | |
| DOCTOR N. KUSHNER, et al., | ) | |
| Defendants. | ) | (Docket No. 26) |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs. Defendant Doctor DiStante ("Dr. DiStante") has moved for summary judgment, arguing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Plaintiff has filed an opposition, and defendant has filed a reply. Having carefully considered the papers submitted, the court hereby GRANTS Dr. DiStante's motion for summary judgment.

### BACKGROUND[1]

On June 20, 2009, plaintiff submitted a request to health care services at SVSP, complaining of nausea and dizziness. (Opp., Ex. A-1.) He indicated that he was unable to hold down food in his stomach, and that he had been previously diagnosed with stomach cancer and

---

[1] The following facts are taken in the light most favorable to plaintiff.

1  gastric ulcers.  (Id.)  SVSP Dr. Pajong referred plaintiff to Salinas Valley Radiologists, Inc.  (Id.,
2  Ex. A-2.)  On June 23, 2009, Salinas Valley Radiologists, Inc. noted that he had abdominal pain,
3  and also observed that he had a "fair amount of scattered retained stool and gas in the colon."
4  (Id.)  That same day, Dr. Pajong and Nurse Foster recommended a medical transfer to the
5  emergency room for abdominal pain, and specifically, a possible gastric obstruction.  (Id. at A-3,
6  p. 2; Decl. Walker, Ex. A-8.)

7       On June 23, 2009, plaintiff arrived at the emergency room at Natividad Medical Center
8  ("NMC") from SVSP with complaints of abdominal pain.  (Decl. Walker, Ex. A-1.)  He reported
9  that he had been having increased pain, nausea, vomiting, and could not keep anything in his
10 stomach.  (Id.)  Drs. Moeller, Tabbaa and DiStante agreed that plaintiff should receive
11 intravenous fluids and pain control, as well as anti-nausea medicine.  (Id., Exs. A-2, A-3.)
12 Plaintiff was diagnosed as having a gastric outlet obstruction secondary to his pyloric tumor.
13 (Id., Ex. A-3.)

14      On June 24, 2009, Dr. DiStante performed distal gastrectomy surgery on plaintiff.  (Id.,
15 Ex. B-1, B-2, B-3.)  It was noted that after surgery, plaintiff was in stable condition.  (Id., Ex. C-
16 2.)  On June 25, 2009, Dr. Mendoza noted that plaintiff stated he was feeling better, and that he
17 denied having fever, chills, nausea, or vomiting.  (Id., Ex. C-4.)  On June 27, 2009, plaintiff
18 complained of a sore throat and phlegm production, and indicated that his abdomen was "more
19 sore" than the day before.  (Id., Ex. C-5.)  On June 29, 2009, plaintiff still complained of
20 abdominal pain, and also began complaining again about nausea and vomiting.  (Id., Ex. C-7.)
21 On June 30, 2009, plaintiff was advised to keep a clear liquid diet, and later, advancing to three
22 small meals and three small snacks.  (Id., Ex. C-9.)  Dr. Mendoza noted that plaintiff stated he
23 was not feeling well, his temperature was over 100 degrees, and that he did not think his stomach
24 was ready to tolerate food.  (Id., Ex. C-10.)  On July 1, 2009, plaintiff stated that he was feeling
25 okay, and denied having chills, fever, or vomiting, although did have some nausea.  (Id., Ex. C-
26 11.)  Plaintiff was discharged from NMC on July 1, 2009.  (Id., Ex. D-2-3.)  His discharge papers
27 indicated that both rounds of fever had resolved and his blood cultures were "negative for
28 growth"; plaintiff's surgery went well; plaintiff was due for a follow up in two weeks with Dr.

1  DiStante; and plaintiff was advised that if he had abdominal pain, vomiting, or fevers, to let the
2  attending doctor on call know, and return to emergency if necessary. (Id., Exs. D-2, D-3.)
3  　　　　On July 9, 2009, plaintiff returned to emergency with complaints of abdominal pain. (Id.,
4  Ex. E-1.) Plaintiff complained of diffuse pain, stating he had vomited twice that day, but did not
5  suffer from a fever or chills. (Id.) Upon examination, on July 10, 2009, patient was diagnosed
6  as being at risk for "colitis secondary to antibiotic received from the previous operation." (Id.,
7  Ex. E-7.) On July 11, 2009, patient received a colonoscopy with biopsies taken from random
8  spots in his colon. (Id., Exs. E-9, E-10.) After treating his colitis, plaintiff was sent back to the
9  prison on July 21, 2009 in stable condition. (Id., Exs. E-14, E-15.)

## ANALYSIS

A.   Standard of Review

　　　　Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

　　　　The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

　　　　Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over

material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.     Analysis

Plaintiff claims that Dr. DiStante was deliberately indifferent to his medical needs. Specifically, he argues that his vomiting and low-grade fevers should have alerted Dr. DiStante to possibility of an infection. (Opp. at 2.) Plaintiff alleges that Dr. DiStante compromised his recovery by releasing him from NMC even when he had diarrhea, low grade fevers, and was vomiting. (Id. at 3.) Finally, plaintiff claims that Dr. DiStante helped expose him to colitis. (Id.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

1  Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
2  facts from which the inference could be drawn that a substantial risk of serious harm exists," but
3  he "must also draw the inference." Id. If a prison official should have been aware of the risk,
4  but was not, then the official has not violated the Eighth Amendment, no matter how severe the
5  risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

6       Assuming that plaintiff presented a serious medical need while at NMC, there is no
7  genuine issue of material fact as to whether Dr. DiStante was deliberately indifferent. According
8  to plaintiff's pleadings, there is no indication that Dr. DiStante knew that plaintiff faced a
9  substantial risk of serious harm in suffering from colitis, or that Dr. DiStante disregarded that
10 risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. Dr. DiStante
11 presents evidence that there was no indication in the medical records that plaintiff "had signs and
12 symptoms of colitis at the time of his July 1, 2009 discharge." (Decl. Rael at 3.) In addition,
13 plaintiff himself asserts only that Dr. DiStante "should have known" that plaintiff could contract
14 an infection. See Gibson, 290 F.3d at 1188.

15      Moreover, plaintiff's assertion that Dr. DiStante discharged him prematurely from the
16 hospital is merely a difference of opinion. "A difference of opinion between a prisoner-patient
17 and prison medical authorities regarding treatment does not give rise to a § 1983 claim."
18 Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more
19 than a difference of medical opinion as to the need to pursue one course of treatment over
20 another is insufficient, as a matter of law, to establish deliberate indifference. See Toguchi v.
21 Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004). In order to prevail on a claim involving choices
22 between alternative courses of treatment, a plaintiff must show that the course of treatment the
23 doctors chose was medically unacceptable under the circumstances and that he chose this course
24 in conscious disregard of an excessive risk to plaintiff's health. Id. at 1058. Plaintiff does not
25 dispute Dr. DiStante's evidence showing that the course of treatment he chose was in fact
26 medically acceptable under the circumstances. (Decl. Rael at 3.) Plaintiff also fails to generate a
27 genuine issue of material fact as to whether Dr. DiStante chose this course of action in conscious
28 disregard of an excessive risk to plaintiff's health. See id.

1   Finally, Dr. DiStante's failure to diagnose or assume that plaintiff was at risk of
2   contracting colitis prior to discharging him from the hospital was, at most, negligent, and not
3   sufficient to sustain an allegation of deliberate indifference.  A claim of medical malpractice or
4   negligence is insufficient to make out a violation of the Eighth Amendment.  See, e.g.,
5   McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition,
6   without more, does not violate a prisoner's Eighth Amendment rights); O'Loughlin v. Doe, 920
7   F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to
8   alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of
9   neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary
10  and wanton infliction of pain).

**CONCLUSION**

Defendant DiStante's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED: __J̶E̶O̶G̶F̶F̶__          _/s/ Ronald M. Whyte_
                                 RONALD M. WHYTE
                                 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS JR,<br><br>          Plaintiff,<br><br>   v.<br><br>TABBAA MUMTAZ et al,<br><br>          Defendant. | Case Number: CV10-02715 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Salinas Valley State Prison
Housing: A-5-143
P.O. Box 1050
Soledad, CA 93960

Dated: September 23, 2011

                                                  Richard W. Wieking, Clerk
                                                By: Jackie Lynn Garcia, Deputy Clerk