IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS, ) | No. C 10-2715 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER ADDRESSING |
| ) | PENDING MOTIONS |
| v. ) | |
| ) | |
| ROBIN RODRIGUEZ, et al., ) | (Docket Nos. 67, 69, 76, 79, 96) |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. In his amended complaint, plaintiff alleges that several medical professionals have exhibited deliberate indifference to his serious medical needs. Defendants have filed a motion to dismiss and motion for summary judgment. Plaintiff has filed several motions that will be addressed in this order.

A.   Motion to Appoint Counsel and Motion for Stay (Dkt. Nos. 67, 79)

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see also Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex and plaintiff has thus far been able to adequately present his claims. Moreover, defendants' dispositive motion has been fully briefed and submitted since July 13, 2011.

The denial of appointment of counsel is without prejudice to the court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such

appointment.

Because the court denies plaintiff's motion for counsel, plaintiff's motion to stay this action pending appointment of counsel is DENIED as moot.

B.  <u>Motion for Transcripts (Dkt. No. 76)</u>

Plaintiff requests the forms necessary to obtain transcripts regarding defendant DiStante's motion for summary judgment. However, Distante's motion for summary judgment was adjudicated without a hearing. Thus transcripts are nonexistent. Plaintiff's motion is DENIED.

C.  <u>Motion to Amend Complaint (Dkt. Nos. 69, 85, 93, 94, 96)</u>

On October 18, 2011, plaintiff moved to amend his complaint to include Charles Lee as a defendant. He asserted that Lee was the acting Chief Medical Officer from 2006 through 2009 at Salinas Valley State Prison, and therefore, was in charge of all medical decisions, including supplying inmates with "adequate" doctors. Plaintiff claimed that Lee allowed defendant Nurse Practitioner Rodriguez to perform the duties of a doctor, and therefore, contributed to hiu injuries. Defendants opposed plaintiff's motion, arguing that plaintiff has failed to include an amended complaint, and that an amended complaint would be futile, prejudicial, and cause undue delay.

On December 15, 2011, plaintiff filed an oversized amended complaint, in which he raised new state law claims, and requested to add previously dismissed defendant Dr. Tabbaa Mumtaz, as well as additional requests for relief. (Docket No. 85.) Defendants opposed this amendment.

On January 12, 2012, plaintiff filed a "notice to all parties" that he intended to amend his complaint. (Docket No. 93.) Defendants opposed this notice. On January 20, 2012, plaintiff filed a "motion to correct errors" and "claims for relief supplemental pleadings." (Docket No. 96.) Defendants have opposed this motion.

A plaintiff may amend the complaint 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a plaintiff must obtain the defendants' consent or leave of court to amend a complaint. <u>Id.</u> at (a)(2). Here, defendants' 12(b) motion was served more than 21

1  days before plaintiff's request to amend, and defendants do not consent to any of the requests for
2  amendment.

3       It lies within the district court's discretion whether a plaintiff may expand his complaint
4  by adding claims raised for the first time on summary judgment. See Brass v. County of Los
5  Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (upholding district court's finding that plaintiff
6  waived new § 1983 arguments raised for the first time in his motion for summary judgment
7  where nothing in the counts in the amended complaint suggested he was raising those arguments
8  and he offered no excuse or justification for his failure to raise them earlier). However, Federal
9  Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general,
10 leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d
11 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling
12 order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted,
13 however, where the amendment of the complaint would cause the opposing party undue
14 prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See
15 id.

16      Further, in cases in which there is a summary judgment motion pending, as here, leave to
17 amend may be denied unless the plaintiff can make a substantial showing to support the
18 amendment. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, section
19 8:420.1 (2002 ed.) (citing Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 944 (7th Cir.
20 1995); Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999). A motion for leave to amend is not a
21 vehicle to circumvent summary judgment. M/V American Queen v. San Diego Marine Constr.
22 Corp., 708 F.2d 1483, 1492 (9th Cir. 1983).

23      Here, plaintiff does not make a substantial showing to support the amendment. Plaintiff
24 merely alleges that Lee violated several state laws by allowing Nurse Practitioner Rodriguez to
25 treat him. Although plaintiff labels Lee's involvement as "deliberate indifference," "a plaintiff's
26 obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
27 conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
28 Factual allegations must be enough to raise a right to relief above the speculative level." Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). Plaintiff's factual
2  allegations are insufficient to state a federal constitutional claim against Lee. Plaintiff's other
3  attempts at amending his amended complaint appear to mainly raise state law claims, as well as
4  name a defendant who has already been granted summary judgment.
5        Further, plaintiff's request for amendment is precluded by undue delay. The court may
6  refuse to allow amendment of a complaint where "the facts and the theory have been known to
7  the party seeking amendment since the inception of the cause of action." Acri v. International
8  Assn of Machinists and Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). Even
9  crediting plaintiff's assertion that he recently discovered that Lee was the Chief Medical Officer
10 at Salinas Valley State Prison, the facts and claims against Lee were known at the time plaintiff
11 filed this action. See Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009 (9th Cir.
12 1999) (holding plaintiff's knowledge of the relevant facts from inception of the lawsuit grounds
13 for denial). Similarly, the other claims plaintiff purports to bring were also known at the time he
14 originally filed this action. Plaintiff has not made a sufficient showing to excuse his failure to
15 seek amendment earlier.
16       Plaintiff's motions to amend are DENIED.
17       IT IS SO ORDERED.
18 DATED:  ⬚⬚ ⬚⬚         *Ronald M. Whyte* (signature)
                              RONALD M. WHYTE
19                               United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD WILLIAMS JR,

        Plaintiff,

  v.

TABBAA MUMTAZ et al,

        Defendant.

Case Number: CV10-02715 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Salinas Valley State Prison
Housing: A-5-143
P.O. Box 1050
Soledad, CA 93960

Dated: March 28, 2012

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk